**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RAYMOND AYUK NTUI,

      Petitioner,

v.

EL PASO FIELD OFFICE DIRECTOR, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; U.S. ATTORNEY GENERAL; ACTING DIRECTOR, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and WARDEN, Cibola County Correctional Center,

      Respondents.

Case No. 1:26-cv-02239-MIS-KRS

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Raymond Ayuk Ntui's pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed July 10, 2026. The federal Respondents filed a Response on July 24, 2026 ("Response").[1]  ECF No. 9.  Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

**I.     Background**

Petitioner is a citizen of Cameroon who fled his home country after being detained, interrogated, tortured, and surviving a murder attempt by the Cameroon military because of his ethnicity as an Anglophone Cameroonian.  Pet. at 14.  On February 16, 2026, he presented himself

---

[1]     The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 5.  However, as has become customary in these cases, the Warden did not respond to the Petition.

to U.S. immigration officials at the U.S.-Mexico border where he was placed in detention.  Pet. at 10.  He has been in immigration detention ever since.  <u>See</u> <u>id.</u>  He is currently detained at the Cibola County Correctional Center in Milan, New Mexico.  <u>Id.</u> at 1.

The Government attempted to removed Petitioner to Canada in April 2025, but Canada would not accept him.  Pet. at 10.

Petitioner submitted an application for asylum and received a positive credible fear determination.  <u>Id.</u>  On October 20, 2025, an Immigration Judge issued an Order finding Petitioner to be inadmissible, denying his application for asylum, and granting Petitioner withholding of removal under the Convention Against Torture ("CAT").  Order of the Immigration Judge ("Removal Order") at 1, ECF No. 9-1.  Petitioner appealed, but on January 21, 2026, the Board of Immigration Appeals ("BIA") dismissed the appeal as untimely.  BIA Order, ECF No. 9-2.

On July 10, 2026, Petitioner filed the instant Petition, ECF No. 1, to which Respondents filed a Response, ECF No. 9.

## II.     Legal Standard

"The habeas statute provides that a federal district court may entertain a habeas application by a person held 'in custody under or by color of the authority of the United States,' or 'in custody in violation of the Constitution or laws or treaties of the United States.'"  <u>Munaf v. Geren</u>, 553 U.S. 674, 685 (2008) (quoting 28 U.S.C. §§ 2241(c)(1), (3)).  A petition for writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle for a noncitizen to challenge the legality of immigration detention.  <u>Zadvydas v. Davis</u>, 533 U.S. 678, 687-88 (2001).

Generally, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]"  8 U.S.C. § 1231(a)(1)(A).  Under 8 U.S.C. § 1231(a)(6), the Attorney General may detain certain noncitizens beyond the ninety-day "removal

period" following entry of a final order of removal.  However, the statute implicitly "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.  It does not permit indefinite detention." Zadvydas, 533 U.S. at 689.  In Zadvydas, the Supreme Court established a presumptively reasonable six-month period of detention.  Id. at 701.  After that period, if the petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.; see also Clark v. Martinez, 543 U.S. 371, 377-78 (2005).  Although the government's authority to detain noncitizens serves important immigration enforcement purposes, that authority "is subject to important constitutional limitations" and may not continue "once removal is no longer reasonably foreseeable." Zadvydas, 533 U.S. at 695, 699.

## III.    Discussion

Petitioner argues that his prolonged detention—now exceeding seventeen months— violates his rights under the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process clause.  Pet. at 17-23.  He argues that "Respondents' detention of petitioner does not bear a reasonable relation to its purpose and Petitioner fit[s] squarely within the Zadvydas framework." Id. at 19.  He argues that he "cannot be removed to Cameroon due to the IJ's grant of withholding under CAT[,]" "[t]here is no designated country of removal in his case[,]" and "ICE ha[s] not made any effort to identify any third country willing to accept Petitioner despite his full cooperation." Id.  He seeks immediate release.[2] Id. at 25.

---

[2]    Petitioner states that he has four people—one citizen, three lawful permanent residents—willing to sponsor him if released:  two cousins in Maryland, and two family friends in California.  Pet. at 15.

Respondents filed a Declaration from the Acting Unit Chief of the Removal Management Division which, they argue shows that there is a substantial likelihood of removal in the foreseeable future.  Resp. at 9 (citing Decl. of Vu Cam ("Cam Decl."), ECF No. 9-3).  The Declaration states that "ICE intends to remove the Petitioner to Equatorial Guinea on or around July 27, 2026, absent any stay or temporary restraining order. The Petitioner's acceptance by Equatorial Guinea and placement on the manifest for this charter serves as the travel document in the Petitioner's removal."  Cam Decl. ¶ 7.

On July 27, 2026, the Court issued an Order instructing the Government to "file a Status Report regarding Petitioner's removal (or non-removal) by July 30, 2026."  ECF No. 10.

On July 30, 2026, Respondents filed a Status Report stating that "Petitioner was not removed as scheduled[,]" ECF No. 11 at 1, and would "supplement this status report promptly upon receiving additional information[,]" id. at 2.

On July 31, 2026, Respondents filed a Second Status Report, ECF No. 12, with a Declaration from Supervisory Detention and Deportation Officer Raul Esparza ("Esparza Decl."), ECF No. 12-1.  Officer Esparza states that "ICE intended to remove the Petitioner to Equatorial Guinea on July 29th" but "was sent to the wrong staging facility due to an inadvertent error." Esparza Decl. ¶¶ 6, 8.  "[B]ecause Petitioner was transferred to the incorrect staging location, he did not make the flight to Equatorial Guinea."  Id. ¶ 9.  Officer Esparza states that "ICE will continue to make efforts to effectuate Petitioner's removal" but does not indicate when ICE expects to attempt another removal.  Id. ¶ 10.

The Court finds that the presumptively reasonable six-month-period of confinement has expired, Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and the Government has failed to present evidence

sufficient to rebut that showing.  To begin with, Petitioner has been detained for over <u>seventeen</u> <u>months</u> total, and more than seven months after his Removal Order became final.  Pet. at 10-11. Thus, the presumptively reasonable period of detention has expired.  <u>See</u> <u>Zadvydas</u>, 533 U.S. at 701.

Next, Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.  "Courts in this district have repeatedly held that prolonged detention, combined with failed or nonexistent removal efforts, satisfies the petitioner's initial burden." <u>Naghiyev v. Bondi</u>, No. 2:25-cv-1313 MIS/DLM, 2026 WL 700064, at *5 (D.N.M. Mar. 12, 2026) (citing <u>Lorenzo v. Bondi</u>, No. 2:25-cv-0923 KWR/GJF, 2026 WL 84521, at *5–6 (D.N.M. Jan. 12, 2026); <u>Jimenez Chacon v. Lyons</u>, 811 F. Supp. 3d 1299, 1310 (D.N.M. 2025); <u>Salazar-Martinez v. Lyons</u>, No. 2:25-cv-0961 KG/KBM, 2025 WL 3204807, at *2 (D.N.M. Nov. 17, 2025)).  Petitioner has been in immigration detention for seventeen months, and Respondents have twice failed to remove him successfully—once to Canada and once to Equatorial Guinea. Pet. at 10; Esparza Decl. ¶¶ 6-9.  The Court is satisfied that Petitioner's unreasonably prolonged detention and the Government's unsuccessful attempts to remove him satisfies Petitioner's burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" <u>Zadvydas</u>, 533 U.S. at 701.

Finally, Respondents failed to meet their burden of demonstrating a "significant likelihood of removal in the reasonably foreseeable future."  <u>Id.</u>  To satisfy this burden, Respondents must present evidence in support of their position.  <u>See</u> <u>id.</u> ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond <u>with evidence</u> sufficient to rebut that showing." (emphasis added)).  Here, the only evidence supporting Petitioner's removal is Officer Esparza's

Declaration that states the Government <u>failed</u> to remove him to Equatorial Guinea and that "ICE will continue to make efforts to effectuate Petitioner's removal[.]"  Esparza Decl. ¶ 1.  This statement fails to satisfy Respondents' burden of demonstrating a "significant likelihood of removal in the reasonably foreseeable future."  <u>Zadvydas</u>, 533 U.S. at 701.

Because Petitioner has shown good reason to believe that his removal is not significantly likely in the reasonably foreseeable future, and because Respondents have not rebutted that showing, his continued, indefinite detention violates the Fifth Amendment's Due Process Clause and the INA, and he is entitled to immediate release subject to appropriate conditions of supervision under 8 U.S.C. § 1231(a)(3).  <u>See</u> <u>Khan v. Current Sec'y of Dep't of Homeland Sec.</u>, Case No. 2:26-cv-00315-MIS-GJF, 2026 WL 776190, at *3 (D.N.M. Mar. 19, 2026); <u>Jiminez Chacon</u>, 811 F. Supp. 3d at 1310, 1313; <u>Salazar-Martinez</u>, 2025 WL 3204807, at *2-3;  <u>Hmung v. Bondi</u>, Case No. CIV-25-1303-J, 2025 WL 3657221, at *4 (W.D. Okla. Dec. 9, 2025), <u>report and recommendation adopted</u>, 2025 WL 3670499 (W.D. Okla. Dec. 17, 2025); <u>Momennia v. Bondi</u>, Case No. CIV-25-1067-J, 2025 WL 3011896, at *8-10 (W.D. Okla. Oct. 15, 2025), <u>report and recommendation adopted</u>, 2025 WL 3006045 (W.D. Okla. Oct. 27, 2025).

## IV.    Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.    Petitioner Raymond Ayuk Ntui's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2.    Respondents are **ORDERED** to immediately release Petitioner Raymond Ayuk Ntui from custody/detention under appropriate conditions of supervision pursuant to 8 U.S.C. § 1231(a)(3);

3.   Respondents **SHALL** file a Notice of Compliance with this Order as soon as practicable after Petitioner's release, and no later than seven days after entry of this Order; and

4.   The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

7